## No. 6289.

## MRS. F. C. BIENVENU vs. LEDA AND MATHILDE PRIEUR.

The plaintiff, Mrs. Bienvenu, sues to annul a judgment against her while a married woman and to enjoin its execution, on the ground that it was obtained for a debt of her husband, which was assumed by her in contravention of a prohibitory law, on the occasion of a sale of the property now seized having been made to her by her husband in satisfaction of a judgment she had obtained against him. Writs of execution had been issued against husband and wife, and, partial payments having at different times been made by Mrs. Bienvenu, delays were granted. After the death of her husband, another execution was issued like the preceding ones, whereupon this suit was brought. As no payment was shown to have been made after the plaintiff became *sui juris*, it follows that art. 612. C. P., and also art. 2272, R. C. C., second clause, do not apply to her, and she is not estopped from assailing the judgment, when, for the first time, it is sought to be enforced against her.

Mrs. F. C. Bienvenu vs. Leda and Mathilde Prieur.

The act of sale from Bienvenu to his wife was null and void because of the assumption by the latter of the debts of the former, including the note held by these defendants. It follows that the judgment obtained by defendants against plaintiff on said assumptions is null, as she can not be made to pay the debts of her husband or community.

But as the sale to her was null, the title to the property did not pass from the husband, and she can not at the same time claim to be the owner of the property and exempt from liability on the assumption. The contract is not null as to the assumption and valid as to the transfer of the property. She therefore has no legal ground to enjoin the sale of property for a debt of her husband, which she was forbidden to assume.

The wife should be released from all personal liability for the debt of the husband resting on the property, but the creditors should be allowed. to enforce their mortgage as to the husband. When suit was instituted against her, she could have abandoned any claim to the property and thus avoided the rendition of the judgment complained of.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch,* J. *J. E. Austin,* for plaintiff and appellee. *A. Robert,* for defendants and appellants.

HOWELL, J. Plaintiff sues to annul a judgment obtained against her while a married woman, and to enjoin its execution, on the ground, among others, that it was obtained for a debt of her husband, which was assumed by her in contravention of a prohibitory law. The defense is acquiescence and partial payments, a special and general denial, and a demand for damages.

The material facts are: Plaintiff obtained judgment of separation from her husband and for the sum of thirty-nine thousand dollars against him, with a mortgage in favor of married women. . In satisfaction of this judgment the husband transferred property in the Third District of New Orleans, valued at $15,300, in consideration of which the sum of $4883 72 was credited on the judgment, and for the balance the wife assumed the payment, in place and stead of her husband, of certain notes secured by mortgage on the property sold. The defendants in this suit, being the holders of one of said notes for $3333 33⅓, instituted the hypothecary action thereon against Mrs. Bienvenu and husband, the prayer being that "Mrs. Fannie C. Oliver, wife of A. Bienvenu, and said A. Bienvenu, to assist his wife herein, be cited according to law; that after due proceedings had, judgment be rendered herein in favor of plaintiffs and against defendant" for the amount claimed, with vendor's privilege and special motgage on the property described, or its proceeds. Citation issued to the wife and husband, all the formalities required in the hypothecary action were observed, and judgment rendered in these words: "It is ordered, adjudged, and decreed that the judgment. by default herein entered on the ninth instant be now confirmed and made final; that plaintiffs do have and recover of defendants, Mrs. Fannie C. Oliver and her husband, Aristide Bienvenu, the sum of $3333 33⅓, with eight per cent per annum interest thereon from the twenty-second of June,

1865, until paid, twenty dollars costs of copies of acts, and all costs of suit, the whole with vendor's privilege and special mortgage on the property described in the petition and acts of sale herein.

"Rendered March 16, 1869.

"Signed March 20, 1869."

Copies of this judgment were served on each of the parties. Executions were issued at different times, directing the sheriff in the usual form, by seizure and sale of the property, real and personal, rights, and credits of Mrs. Fannie C. Oliver and her husband, Aristide Bienvenu, to make the said sum, with vendor's privilege and special mortgage on the property described in the writs. Upon these writs partial payments were made by Mrs. Bienvenu in 1869, 1871, and 1872, and delays were granted. In May, 1875, after the death of the husband, another execution issued in the same form, whereupon this suit was brought.

The defendants, who appealed from a judgment against them, insist that the plaintiff is estopped from attacking their judgment, by reason of said payments and acquiescence, and cite article 612, C. P., which says: "The nullity of a judgment rendered against a party without his having been cited, or by an incompetent judge, even if the formalities of law have been observed, may be demanded at any time, unless the defendant were present in the parish and yet suffered the judgment to be executed without opposing the same.

"The same rule shall govern as regards a defendant not qualified to appear in a suit where judgment has been given against him, if he suffer the judgment to be executed against his property without opposing the same."

And also article 2272, R. C. C., second clause: "In default of an act of confirmation or ratification, it is sufficient that the obligation be voluntarily executed subsequently to the period at which the obligation could have been validly confirmed or ratified."

As no payment is shown to have been made by the plaintiff after she became *sui juris*, these articles do not apply to her, and she is not estopped from assailing the judgment when, for the first time, it is sought to be enforced against her.

Under article 2397 of the Revised Civil Code, and the decisions in Spurlock vs. Mainer, 1 An. 301, and Oliver vs. Dayries, 23 An. 439, the act of sale from A. Bienvenu to his wife was null, because of the assumption by the latter of the debts of the former, including the note held by these defendants. It follows that the judgment obtained by defendants against plaintiff on said assumption is null, the plaintiff being prohibited from making such assumption, and the judgment against her should be so declared in this proceeding, as she can not be made to pay the debt of her husband, or community.

Mrs. F. C. Bienvenu vs. Leda and Mathilde Prieur.

But as the sale to her was null, the title to the property did not pass from the husband, and she can not at the same time claim to be the owner of the property and exempt from liability on the assumption. The contract is not null as to the assumption and valid as to the transfer of the property. She, therefore, has no legal ground to enjoin the sale of the property for a debt of her husband, which she was forbidden to assume. Not being the owner of the property, she has no interest in questioning the right of the creditors to enforce their mortgage upon it for the debt of her husband. We have seen that the judgment in favor of the defendants was rendered against both wife and husband, and copies thereof served on each, and that the execution was issued against both. There is no one before us complaining of the regularity of the proceeding as against the husband, whose property is certainly liable for the debt held by the defendants in this case, and the wife can not be heard to enjoin the sale of the property as hers and deny the debt resting on it and assumed by her as a part of the price by which alone she could have acquired it.

We think she should be relieved from all personal liability for the debt of the husband resting on the property, but the creditors should be allowed to enforce their mortgage as to the husband. When suit was instituted against her she could have abandoned any claim to the property, and thus avoided the rendition of the judgment complained of.

It is therefore ordered that the judgment appealed from, so far it annuls the judgment against plaintiff herein, be affirmed, and that, so far as it perpetuates the injunction against the sale of the property subject to defendant's mortgage, it be reversed, and the injunction dissolved with the costs thereof; costs of the lower court on the main demand to be paid by defendants and those of appeal by plaintiff.